**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

THE UNIVERSITY OF FLORIDA
COLLEGE REPUBLICANS,
    Plaintiff,
v.                                    CASE NO.:

DONALD LANDRY, President
of the UNIVERSITY OF FLORIDA,
in his official capacity,
    Defendant.
_____/

## EMERGENCY VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

    Plaintiff University of Florida College Republicans ("Plaintiff" or "UFCR"), by and through undersigned counsel, sues the Donald Landry, President of the University of Florida, in his official capacity ("UF"), and states:

### INTRODUCTION

1.    This is a civil action under 42 U.S.C. § 1983 seeking redress for violation of the First Amendment. The University of Florida punitively deactivated and shut down the UFCR, in response to alleged viewpoints expressed by a member of UFCR, and in an effort to silence the club and chill its future speech. After the deactivation, UF sought to justify its unlawful decision by providing a false pretext as a basis, asserting that it had acted at the behest of a third-party group, the Florida Federation of College Republicans (FFCR), a group with no authority over or affiliation with UFCR. No university policy, rule, or law provides UF a lawful basis for the deactivation. This complaint

is filed on an emergency basis because UFCR has lost all access to student facilities and other privileges currently open to active clubs at UF at this time.

### JURISDICTION AND VENUE

2.    This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises under the Constitution and laws of the United States.

3.    This Court may grant declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

4.    Venue is proper in this District under 28 U.S.C. § 1391 because Defendant is located in this District and a substantial part of the events or omissions giving rise to the claims occurred in this District.

### PARTIES

5.    Plaintiff UFCR is a recognized student organization formerly in good standing at the University of Florida, located in Gainesville, Florida, and the largest college republican club in the United States. UFCR exists to promote and advocate for conservative political ideas and candidates, to host speakers, and to engage in campus dialogue and debate on matters of public concern.  UFCR's President is Michael Andre.

6.    Defendant, the President of the University of Florida, is sued in his official capacity as President of UF.  UF is a public university and an arm of the State of Florida located in Gainesville, Florida. At all relevant times, UF acted under color of state law through its officials, agents, and employees with responsibility for student organization recognition, discipline, and compliance with University policies.

**FACTUAL BACKGROUND**

7.     UF maintains policies and procedures governing the recognition and operation of student organizations, including criteria for registration, funding eligibility, access to facilities, and disciplinary action.

8.     Prior to the events giving rise to this lawsuit, UFCR was a recognized student organization entitled to the benefits of recognition, including eligibility for funding, access to campus facilities and communication channels, and the ability to host events and invite speakers.

9.     In 2025, a member of UFCR expressed a viewpoint off-campus that was alleged by some to be anti-Semitic (the "Contested Expression"). The Contested Expression occurred in a context involving matters of public concern, including political speech and current events, and did not constitute a true threat, incitement, or otherwise unprotected speech.

10.    Following the Contested Expression, UF received complaints criticizing UFCR and its member's viewpoint. In response, UF initiated action targeting UFCR's recognized status.

11.    On March 13, 2026, UF deactivated UFCR as a registered student organization (the "Deactivation"). The Deactivation removed UFCR's access to recognition-based benefits, including funding eligibility, facility reservations, communications platforms, and the ability to host on-campus events.

12.    UF's stated or actual basis for the Deactivation was the viewpoint that a UFCR member expressed, which was alleged to be anti-Semitic. UF's action was taken because of opposition to or

disapproval of the perceived viewpoint.  After the deactivation, UF sought to justify its unlawful decision by providing a false pretext as a basis, asserting that it had acted at the behest of a third-party group, the Florida Federation of College Republicans (FFCR), a group with no authority over or affiliation with UFCR.  No university policy, rule, or law provides UF a basis for the deactivation.

13.    UF did not identify any narrowly tailored, content-neutral policy violation by UFCR that would justify the Deactivation. UF did not provide UFCR with adequate notice, a meaningful opportunity to be heard, or neutral, consistently applied standards prior to Deactivation.

14.    UF has allowed other student organizations to remain recognized notwithstanding controversial or offensive speech by their members, evidencing viewpoint discrimination and selective enforcement.

15.    As a direct and proximate result of the Deactivation, UFCR has been and continues to be deprived of its ability to organize, speak, associate, host events, invite speakers, reserve campus spaces, access University funding and resources, and participate fully in the marketplace of ideas on campus.

16.    UFCR's planned events, speaker engagements, member recruitment, and advocacy have been canceled, curtailed, or chilled due to the Deactivation and the threat of further punitive measures for protected expression.  UFCR has suffered and continues to suffer irreparable harm to its First Amendment rights, as well as reputational, organizational, and financial harm, including lost opportunities, increased expenses, and diversion of resources.

17.    UFCR committed no violations or alleged violations of UF's policy on registered student organizations, titled: *Policy 16-003 "Registered Student Organization Classification and Officer Eligibility,"* which grants UF no authority to remove UFCR as a club under these circumstances.

**CLAIMS FOR RELIEF**

**Count I – Violation of the First Amendment**

**(Viewpoint Discrimination; Free Speech)**

**(42 U.S.C. § 1983)**

18.    Plaintiff realleges and incorporates by reference paragraphs 1 through 17 as though fully set forth herein.

19.    UF is a state actor subject to the constraints of the First and Fourteenth Amendments. The First Amendment prohibits the government from restricting speech or imposing adverse action based on viewpoint.

20.    The recognition of student organizations and access to related benefits constitute limited public forums or otherwise implicate First Amendment protections.  The effect of the UF's denial of recognition—in this case, deactivation—is a form of prior restraint. *See Healy v. James,* 408 U.S. 169, 184 (1972).  Once UFCR became a registered student organization in conformity with UF's requirements, the burden falls upon the College to justify its illegal decision of deactivation.  *Id.*

21.    UF deactivated UFCR because of disapproval of the Contested Expression's viewpoint. Such viewpoint-based action is presumptively unconstitutional and not justified by a compelling interest narrowly tailored to achieve that interest.  UF likely further deactivated Plaintiff

because UFCR hosted republican gubernatorial candidate James Fishback, a critic of Israel, at a March 11, 2026, event attended by 500+ students.

22.    The Contested Expression did not fall within any category of unprotected speech, including true threats, incitement, or harassment as defined by controlling constitutional standards.

23.    UF's actions were not reasonable in light of the purposes of the forum, were not content-neutral, and were motivated or substantially motivated by the viewpoint expressed by UFCR's member.

24.    As a direct and proximate result, UFCR suffered the loss of constitutional rights, irreparable injury, and damages.

### Count II – Violation of the First Amendment
### (Freedom of Association)
### (42 U.S.C. § 1983)

25.    Plaintiff realleges and incorporates by reference paragraphs 1 through 17 as though fully set forth herein.

26.    UFCR engages in expressive association to advance its political beliefs and advocacy. The Deactivation burdens UFCR's right to associate by impeding its ability to organize, recruit, host events, and communicate.

27.    UF's viewpoint-based Deactivation is not the least restrictive means to achieve any legitimate interest and is not narrowly tailored. It impermissibly burdens UFCR's expressive association in violation of the First Amendment.

28.    As a direct and proximate result, UFCR suffered the loss of constitutional rights, irreparable injury, and damages.

### Count III – Violation of the First Amendment

**(Unconstitutional Conditions; Retaliation for Protected Speech)**

**(42 U.S.C. § 1983)**

29.    Plaintiff realleges and incorporates by reference paragraphs 1 through 17 as though fully set forth herein.

30.    UF conditions student-organization recognition and benefits on compliance with University policies and directives. UF may not deny recognition or benefits in retaliation for protected speech, nor impose conditions that require surrender of First Amendment rights.

31.    UF deactivated UFCR in retaliation for protected expression by a UFCR member, thereby imposing an unconstitutional condition on access to a benefit and chilling protected speech.

32.    As a direct and proximate result, UFCR suffered the loss of constitutional rights, irreparable injury, and damages.

**REQUEST FOR RELIEF:**

**WHEREFORE,** Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendant, and award the following relief:

a)    A declaration that Defendant's Deactivation of UFCR based on the viewpoint expressed by a UFCR member violates the First and Fourteenth Amendments to the United States Constitution;

b)    A preliminary and permanent injunction restraining Defendant, its officers, agents, servants, employees, and all persons in active concert or participation with them from enforcing the Deactivation and from denying, restricting, or otherwise burdening UFCR's recognition, access to facilities, funding eligibility, and other benefits based on

viewpoint, and requiring reinstatement of UFCR to recognized status with full benefits;

c)      An award of nominal damages for the violation of Plaintiff's constitutional rights;

d)      An award of compensatory damages in an amount to be determined at trial for the harms caused by Defendant's unconstitutional actions;

e)      An award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable law;

f)      Such other and further relief as the Court deems just and proper.

### **VERIFICATION**

Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated within it are true.

*/s/ Michael Andre*

**MICHAEL ANDRE,**

***PRESIDENT OF UFCR***


**DATED**: 3.16.2026.

Respectfully submitted,

*/s/ Anthony F. Sabatini*
ANTHONY F. SABATINI
FL BAR No. 1018163
anthony@sabatinilegal.com
SABATINI LAW FIRM, P.A.
1601 E. 1st Ave.
MOUNT DORA, FL 32757
T: (352)-455-2928
Attorney for Plaintiff