**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

**THE UNIVERSITY OF FLORIDA**
**COLLEGE REPUBLICANS,**

       *Plaintiff,*

v.                          **Case No.:  1:26cv63-MW/MJF**

**DONALD LANDRY, President of**
**the UNIVERSITY OF FLORIDA, in his**
**official capacity,**

       *Defendant.*
_____/

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**

This Court held a telephonic hearing of Plaintiff's emergency motion for preliminary injunction, ECF No. 7, on April 21, 2026. For the reasons stated on the record at the hearing and summarized below, the motion, ECF No. 7, is **DENIED**.

This Court may grant a preliminary injunction only if Plaintiff shows that  it has a substantial likelihood of success on the merits, irreparable injury will be suffered unless the injunction issues, the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party, and, if issued, the injunction would not be adverse to the public interest. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc) (per curiam). "The preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites." *United States*

*v. Jefferson Cty.*, 720 F.2d 1511, 1519 (11th Cir. 1983) (quoting *Canal Auth. v. Callaway*, 489 F.2d 567, 573 (11th Cir. 1974)).

Here, the record the parties presented at the preliminary-injunction stage is, at best, muddled. For example, Plaintiff has presented some evidence that allows this Court to draw inferences that may undermine Defendant's stated reasons for deactivating Plaintiff as a registered student organization, including, but not limited to, the asserted hastiness of the decision-making process and the apparent lack of investigation regarding whether Florida Federation of College Republicans was actually Plaintiff's parent organization. However, the record, at this juncture, also includes ample evidence that permits reasonable inferences drawn in Defendant's favor regarding the deactivation decision. Ultimately, given this record, Plaintiff has not met its burden of persuasion to establish a substantial likelihood of success on the merits to warrant the extraordinary relief of a preliminary injunction. Accordingly, the motion, ECF No. 7, is **DENIED**.

**SO ORDERED on April 21, 2026.**

**s/Mark E. Walker**
**United States District Judge**

2